(No. 17239.—Reversed and remanded.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Er-
ror, *vs.* WILLIE WONG, Plaintiff in Error.

*Opinion filed April 23, 1926.*

1. CRIMINAL LAW—*when the jury may disregard testimony of
witness—instruction.* The jury are not at liberty to determine the
credibility of witnesses according to their own judgment without
regard to those considerations which are proper or necessary in
making that determination, and an instruction that the jury may
disregard the testimony of any witness "if for any reason" his tes-
timony appears to be untrue is improper and will require a reversal
of a judgment of conviction where the evidence is conflicting.

2. SAME—*an instruction as to credibility of witness may be re-
fused if its substance has been given.* An instruction that the jury
are not to arbitrarily reject the testimony of a witness merely be-
cause he is related to the defendant is properly refused where the
court has given an instruction that in judging the credibility of the
witnesses the jury should carefully scrutinize the testimony given,
and in doing so consider all the circumstances under which any
witness has testified, including, among others, the relation which
he bears to the State or to the defendant.

WRIT OF ERROR to the Criminal Court of Cook county;
the Hon. JOHN P. McGOORTY, Judge, presiding.

JAMIESON & JAMIESON, (THOMAS JAMIESON, and CHARLES P. R. MACAULAY, of counsel,) for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, ROBERT E. CROWE, State's Attorney, and MERRILL F. WEHMHOFF, (EDWARD E. WILSON, CLARENCE E. NELSON, and HENRY T. CHACE, JR., of counsel,) for the People.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

John Clark, Willie Wong, Eddie Wong and Joe Chang were indicted by the grand jury of Cook county for an assault upon Moy Loy with an intent to commit murder. The indictment consisted of three counts. On motions of the State's attorney the prosecution was dismissed as to Eddie Wong and Joe Chang, and John Clark was given a separate trial. Later a *nolle prosequi* was entered upon the second and third counts of the indictment. Willie Wong was found guilty by a jury. Motions for a new trial and in arrest of judgment were made and overruled. Judgment was rendered and Wong was sentenced to the penitentiary. He prosecutes this writ of error for a review of the record.

On January 19, 1925, Moy Loy was employed in a laundry at 1021 Blue Island avenue, in the city of Chicago. Loy testified that about 6:30 o'clock in the evening of that day Willie Wong opened the door to the laundry and stood in front of the doorway with one hand in his pocket, holding a revolver, while another Chinaman about twenty-four years of age entered the room and shot twice. One of the bullets struck Loy in the lower part of the back and passed through his body, while the other passed through a part of his clothing.

John V. Clark, indicted with plaintiff in error as John Clark, testified that in January, 1925, he came to Chicago

from New Kensington, Pennsylvania, where he resided and
was employed as a chauffeur by the Hip Sing Association,
a Chinese society; that on January 19, 1925, he had a con-
versation with plaintiff in error about 5:30 o'clock in the
evening at 503 South Clark street, where the members of
the Hip Sing Association in Chicago were accustomed to
meet; that in the conversation plaintiff in error informed
him that one Sims wished to meet him; that he met and
conferred with Sims, who paid him in excess of $30, after
which plaintiff in error told him to be careful and in case
of trouble to keep silent until advised by certain attorneys
what to do; that he, Clark, accompanied by a Chinaman
who had a revolver but with whom he was not acquainted,
then went to 1021 Blue Island avenue, where they arrived
after it was dark; that he crossed the street, saw plaintiff
in error and another Chinaman, started back and walked
past the laundry; that he did not enter the laundry nor
hear any shots fired and that he did not see plaintiff in
error again until the 11th day of February. Clark's trial
on the indictment occurred a short time before Wong was
tried and resulted in the former's conviction. On cross-
examination Clark admitted that he had testified on his own
trial that he left New Kensington, Pennsylvania, on the first
or second day of February and was not in Chicago on Janu-
ary 19, when Moy Loy was shot, and that about 6:30 o'clock
in the evening of February 2 he was taken in a taxicab, at
the point of a gun, to a house, where, after his life had
been threatened, he made a confession to Captain Stege, of
the Chicago police, and that in the confession he implicated
plaintiff in error in the shooting of Loy. This testimony,
Clark admitted, was false, but he testified that he was im-
pelled to make the admission because he had already been
convicted and had been promised consideration by the
State's attorney if he would tell the truth. He further tes-
tified, on cross-examination, that he had registered at the
Atlantic Hotel, in Chicago, as J. V. Miller, from Cleveland,

Ohio. The hotel register, supported by the clerk's testimony, was produced, and it showed under date of the 16th of January the name and address, "J. V. Miller, Clev. Ohio." Clark admitted that the signature and address were in his handwriting. The register was admitted in evidence.

On the defense, four witnesses, all Chinese, testified that they were the guests of plaintiff in error in his home on the evening of January 19, 1925; that dinner was served from five to six o'clock; that they remained until after nine o'clock, and that plaintiff in error was in their company constantly and did not leave his home on that evening. One of these witnesses was the father-in-law of plaintiff in error, another a neighbor's wife, the third a waiter and the fourth a student twenty years of age. Plaintiff in error did not testify.

On the hearing of the motion for a new trial two physicians appeared as witnesses. One, called by plaintiff in error, expressed the opinion that Clark was insane. The other physician, called by the court, testified that Clark was sane but a neurotic person, shallow and easily influenced, and constantly told lies, which for the most part were stupid and silly.

The errors assigned and argued by plaintiff in error are: (1) That incompetent evidence prejudicial to him was admitted; (2) that erroneous instructions were given for the People; (3) that certain instructions requested by him were improperly refused; and (4) that the conduct of the assistant State's attorney in his argument to the jury was prejudicial to him.

The evidence of which plaintiff in error complains is the register of the Atlantic Hotel for January 16, 1925, showing the name of J. V. Miller, supported by the testimony of the hotel clerk that the name appeared on the register of that date, and of Clark that the signature was in his handwriting. Prior to the admission of the testi-

mony of these two witnesses and of the register, counsel for the plaintiff in error had elicited from Clark, on cross-examination, that about the middle of January, 1925, he had registered as J. V. Miller at the Atlantic Hotel and had stopped there several days. Even assuming that the evidence was incompetent, its effect was harmless, because Clark's registry at the hotel under an assumed name shortly before Loy was shot had already been established by plaintiff in error through Clark himself, and the fact was undisputed.

At the request of the prosecution the court gave to the jury the following instruction:

"You are not bound to take the testimony of any witness as true merely because such witness swears to certain facts, and you should not take the testimony of any witness as true, if for any reason, his or her testimony appears to you to be untrue or untrustworthy."

By the first clause of the instruction the jurors were informed that they were not bound to take the testimony of any witness as true merely because he swore to certain facts, and by the second the jurors were told that they should not take the testimony of any witness as true if for any reason it appeared to them to be untrue or untrustworthy. The proposition that jurors by mere caprice, or for any reason which they deem sufficient, may disbelieve a witness is not the law. They are not at liberty to determine the credibility of witnesses according to their own judgment, without regard to those considerations which are proper or necessary in making that determination. (*People* v. *Krauser,* 315 Ill. 485.) The instruction given permitted the jury arbitrarily to disregard the testimony of the witnesses who appeared in behalf of plaintiff in error, and since the evidence was conflicting, the giving of the instruction constitutes reversible error. *Pollard* v. *People,* 69 Ill. 148; *Evans* v. *George,* 80 id. 51; *Matthews* v. *Granger,*

196 id. 164; *Beedle* v. *People,* 204 id. 197; *Godair* v. *Ham Nat. Bank,* 225 id. 572.

Plaintiff in error requested the court to instruct the jury (1) that the fact that a witness was related to the defendant did not, in itself alone, render the witness incompetent to testify or furnish sufficient ground arbitrarily to reject the testimony of such a witness; and (2) that a witness who testified that he was an accomplice with the defendant was not legally corroborated by proof of statements, orally or in writing, made by himself. The court refused both of these instructions. The first was properly refused, because the court gave an instruction that in judging of the credibility of the witnesses in the case the jury should carefully scrutinize the testimony given, and in doing so consider all the circumstances under which any witness testified, including, among others, the relation which he bore to the State or to the defendant. The other instruction was properly refused because the evidence to which it was directed was first brought out by plaintiff in error and was not disputed.

The assistant State's attorney, in his argument to the jury, made numerous assertions not based upon any evidence in the record. Many of these assertions were prejudicial to the plaintiff in error. Objections to them were, however, promptly sustained by the trial court. It is unnecessary to set out these objectionable remarks at length, for it is not likely that they will be repeated upon another trial of the cause.

The judgment is reversed and the cause is remanded to the criminal court of Cook county.

*Reversed and remanded.*